

**Omar Jafri**
Attorney

> Application granted; deadlines extended as set forth herein. The time to serve and file a consolidated amended complaint is extended to 3/19/2021.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: New York, New York
> February 3, 2021

**VIA ECF**

Honorable Philip M. Halpern
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007

Re: *In re Neovasc Inc. Securities Litigation,*
Civil Action No. 20-cv-09313-PMH
This Document Relates To: All Actions

Dear Judge Halpern,

We write on behalf of Lead Plaintiff Pratap Golla ("Plaintiff") to request a thirty (30) day extension to file a Consolidated Amended Complaint ("CAC") in this Consolidated Action.

On January 26, 2021, the Court appointed Plaintiff as the Lead Plaintiff in this Consolidated Action and approved his selection of Pomerantz LLP and Holzer and Holzer LLC as Co-Lead Counsel for the purported Class. The January 26, 2021 Order further directed that a CAC be filed in this Consolidated Action on or before February 19, 2021.

Counsel are unable to meet the Court's deadline due to the following pre-existing scheduling conflicts, and respectfully request the Court to extend the deadline to file the CAC up to and including March 19, 2021:

ojafri@pomlaw.com
10 South LaSalle Street, Suite 3505, Chicago, IL 60603 tel: 312.377.1181 www.pomerantzlaw.com
NEW YORK    CHICAGO    LOS ANGELES    WESTON, FL

Page 1 of 3

- Opposition to Motion to Dismiss due on February 19, 2021, the day the CAC is due in this Consolidated Action, in *Sayce v. Forescout Technologies Inc.*, No. 3:20-cv-00076 (N.D. Cal. Jan. 2, 2020).

- Appellate Brief due on March 5, 2021 in *Yang v. Nobilis Health Corp. et al.*, (5th Cir. Oct. 15, 2020).

- Tentative trial date of March 15, 2021 in *pro bono* criminal case pending in the Circuit Court of the Eighteenth Judicial District, County of DuPage, IL depending on the easing of covid restrictions.

In addition, Counsel has a preplanned vacation after two years scheduled for the end of March 2021. Under these circumstances, Counsel cannot meet the Court's February 19, 2021 deadline to file the CAC.

This is Plaintiff's first request for an extension of time. Plaintiff conferred with Defendants regarding this Letter Motion, and Defendants informed Plaintiff that they oppose his request for an extension because of the alleged deficiencies identified by them in the initial complaint filed in one of these Actions. Defendants disregard that their request for a pre-motion conference has already been denied without prejudice to renew only after the filing of a CAC. *See* ECF No. 11 at 5 (¶16). Defendants further ignore the well-established principle that an "amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). And Defendants' objections are completely irrelevant to the numerous scheduling conflicts identified above.

For these reasons, Plaintiff respectfully requests that the Court grant his request to extend the deadline to file the CAC up to and including March 19, 2021 and set the following schedule:

- Plaintiff shall file the CAC on or before March 19, 2021.

- Defendants shall respond to the CAC or file a pre-motion letter for a proposed motion on or before April 9, 2021 in accordance with Rule 4(C) of the Court's Individual Rules in Civil Cases. All intermediate steps, including the requirements of Rule 4(C)(ii) of the Court's Individual Rules in Civil Cases, must be completed before April 9, 2021.

- Plaintiff shall respond to Defendants' pre-motion letter, if any, on or before April 16, 2021.

Respectfully submitted,

/s/ *J. Alexander Hood II*
J. Alexander Hood II
On Behalf of Omar Jafri (*pro hac vice forthcoming*)
Pomerantz LLP
